[Civ. No. 9746. Second Appellate District, Division Two.—December 6, 1934.]

CITY OF LONG BEACH (a Municipal Corporation), Petitioner, v. INDUSTRIAL ACCIDENT COMMISSION and THOMAS E. EVANS, Respondents.

Nowland M. Reid and Edmund J. Callaway for Petitioner.

Everett A. Corten for Respondent Industrial Accident Commission.

STEPHENS, P. J.—An award for injury received in performance of duties assigned while the applicant was a public beneficiary from relief funds is contended to have insufficient support in the evidence.

Many unemployed, including the applicant, having registered with the county of Los Angeles for relief, were issued "work orders" which permitted them to do ordinary work of laborers in the city of Long Beach for small compensation per day. At the expiration of the applicant's order he was directed to join a large corps of men in emergency work of clearing away debris preparatory to reconstruction following a temblor, without the formality of renewing such order. The assistant chief of employment relief of the bureau of county welfare testified that the work and aid were distributed through a stabilization bureau instead of the welfare department, and paid with funds received from federal appropriation known as the R. F. C. It is conceded that the injury occurred during the second period of such relief. Said witness swore that the applicant herein was unable to qualify under the Pauper's Act (Stats. 1901, p. 636, as amended; Deering's Gen. Laws, vol. 2, p. 3130, Act 5814), but had no money and needed food; that stabilization projects were organized to put the men to work but were discontinued because the welfare bureau was the only legal agency through which R. F. C. funds could be disbursed.

From the fact that work was furnished through a stabilization bureau rather than the usual means, it is argued that Evans was hired by the city of Long Beach and that the respondent commission was vested with jurisdiction of the claim. A distinction other than in name and origin of funds is not easily discernible. Speaking of such relief under the statute mentioned it was recently said: "The transaction thus far is in the field of public welfare, and the essential characteristics of a contract of hire are not present. Does the fact that a person receiving such aid is sent out under work orders at a definite sum per hour or day thereunder

supply such essentials? We are persuaded that it does not, on the record here presented." And further: "If a contract for hire existed the petitioner would be entitled to enforce payment from the funds of the county of the reasonable value of the services rendered. His status as here disclosed would not lend support to such a cause of action, and we conclude that a contract of hire did not exist between the county and the petitioner at the time in question." (*McBurney* v. *Industrial Acc. Com.*, 220 Cal. 124 [30 Pac. (2d) 414].)

The law as pronounced in the cited case requires that the award be annulled and it is so ordered.

Crail, J., and Scott, J., *pro tem.*, concurred.